The court now calls 117-108 People of the State of Illinois v. Anthony Boyce. Are you ready to proceed? You may proceed. May it please the court. My name is Phil Payne. I'm from the Office of the State Appellate Defender. I'm here on behalf of the appellant, Anthony Boyce. Mr. Boyce stands convicted of an offense known as attempted solicitation of murder, which consists of two inchoate offenses which have been stacked on one another to create a double inchoate offense. And what we've asked this court to decide is whether the legislature intended for the stacking of inchoate offenses in that manner. The answer to this question, based on the language of the inchoate offense statutes, their placement within the criminal code, and the animating purpose underlying those inchoate offense statutes, leads to an answer of no. The offenses of solicitation, conspiracy, and attempt are generally recognized as inchoate offenses because each is preliminary to another and more serious principal offense. Now, those are not my words. That is a direct quote from the committee comments to Article 8 of the criminal code, where the legislature chose to classify the inchoate offenses, including both offenses or crimes that are stacked in this case. There has never been a reported decision in Illinois authorizing the stacking of inchoate offenses in the manner that was at issue in this case. And it's not surprising that there's no precedent for this practice because the legislature did not intend to authorize for such stacking. As the committee comment I just quoted illustrates, the legislature recognized that attempt, solicitation, and conspiracy are fundamentally different from the substantive offenses to which they are meant to apply. They describe conduct that is one step removed or preliminary to a principal offense, and in doing so, the inchoate offenses establish the minimum threshold of conduct that qualifies as criminal that can be reached by the criminal sanction in Illinois. This is why the legislature separated the inchoate offenses from the substantive offenses within Title 8. That is entitled, not surprisingly, inchoate offenses. That act of cordoning the inchoate offenses off speaks to the legislative intent that they don't be mixed and matched and stacked upon one another to create something like we have here, a hybrid crime of attempted solicitation of murder. The state doesn't want this court to consider the committee comment or the placement of the inchoate offenses in general within the criminal code because the state recognizes that those factors indicate the legislative intent not to combine these things willy-nilly. But the state asked this court to read the inchoate offenses expansively so that they can be applied and mixed and matched to one another. But if such a step is to be taken, it should be taken by the deliberative process of the legislature and give their signal and their blessing that such a practice be done, not by the fiat of this court. For there to be an offense of solicitation, does the communication have to be received by the person being solicited? Yes, Your Honor. Is that in the statute or is that by case law? The case law interpreting the statute has read the language of the solicitation statute in the operative languages that a person intending that a specific offense be committed commands, encourages, or requests another to commit the offense. So in this case, if the mail had not been intercepted but was received by the intended recipient, there would have been a solicitation? Yes, Your Honor. But the Illinois law is pretty clear that in order for the crime of solicitation to take place, the letter has to reach the intended solicitee. And the clearest indication of that is taking a look at our solicitation statutes and comparing it to the Model Penal Code, which the solicitation statutes in Illinois were based on. Both define solicitation. Did the defendant here not attempt to send the letter to the intended recipient? The defendant did intend to send the letter to the recipient. And was that not an attempt? That was an attempt to do something. The question is not whether such conduct can be described by words but whether it reaches the threshold of criminal conduct, whether the legislature intended for the criminal sanctions to reach that conduct when the letter did not ultimately reach its intended recipient. By basing our solicitation statute on the Model Penal Code of encouraging, commanding, or requesting another to commit a crime, the legislature lifted that language from the Model Penal Code. But the Illinois legislature departed from the Model Penal Code in a very important respect. And the Model Penal Code includes a separate subsection that states as follows. It's entitled Uncommunicated Solicitations. It says, It is immaterial under subsection 1 of this section that the actor fail to communicate with the person he solicits to commit a crime if his conduct was designed to affect such communication. The Illinois legislature left that language out of our solicitation statute. And what can be gleaned from that exclusion? Well, the most direct conclusion that we can reach is that the legislature didn't meant to draw the line of the reach of the criminal law at completed solicitations and to leave uncommunicated solicitations, or ones that are intercepted or nipped in the bud, beyond the reach of the criminal law. And drawing the line of criminality at completed solicitations makes sense in light of the animating purpose underlying the solicitation statutes, which is twofold. Number one, preventing the harm that would result from inducing or successful inducing of a crime. So if you solicit someone to commit murder and the person ultimately commits murder, we want to bar solicitations so that the ultimate crime, the murder, never happens in the first place or becomes less likely. And second, the solicitation statute wants to protect inhabitants of Illinois from the corrupting or oppressive influence of solicitations themselves. But when the letter doesn't get to the recipient, when it falls short for one reason or another, neither of those purposes is served. There's no likelihood that the crime solicited will be committed by the solicitee because he or she doesn't know about it. And since they didn't receive the letter or the note, the words, no corrupting or oppressive influences have been worked upon in their mind. Mr. Payne, the state infers from that language, the language that was deleted as unnecessary, because of the Illinois General Attempt Statute. And they go on to say that courts in other states that have looked at the same issue have included that the deletion of this language is an indication that the legislature intended the General Attempt Statute to apply. Yes, that's what the- How do you address that, Eric? Well, the out-of-courts case, out-of-state cases that the state relies upon, are, in particular, State v. Andahar, the Rhode Island case, and State v. Saifan, the California case. Both of those cases address, first and foremost, whether a solicitation occurs when it does not reach the intended recipient. But then it goes on, those cases go on to determine whether the crime of attempted solicitation occurs under those states' respective statutes. There's a critical difference between the Illinois statutes, their configuration, and the Rhode Island and California's configuration of their statutes in question. In Illinois, as I've already discussed, solicitation, solicitation of murder, conspiracy, attempt, are all separated out into the inchoate offense category. And they are all described as preliminary to a principal offense. In Rhode Island and California, the attempt statute in those states is cordoned off and separated out in general criminal provisions. But the solicitation statutes to which that attempt statute was applied in those cases and authorized, those solicitation statutes were listed right along with the other substantive offenses, like murder, like arson, like robbery. So we have a very different signal from the legislatures in this case, as opposed to those cases. But the legislature surely did know that Illinois has a general attempt statute. So wouldn't you think that if they didn't want attempted solicitations to be punished, they would have spelled that out in the statute? Well, I think when we try to glean what the legislature intended by leaving something out of the statute, this court's decision in People v. Foster is instructive, where this court determined whether by adopting the model penal codes by language in describing the offense of conspiracy, the legislature meant to abandon the bilateral theory of conspiracy and adopt the unilateral theory of conspiracy. And even though the Illinois legislature adopted the model penal codes language, which embodied a unilateral theory, this court still said, there's nothing in the committee comments or any other statutory constructive aid to indicate the legislature wanted to abandon the bilateral theory of conspiracy. So in the absence of some affirmative signal from the legislature, we're not going to insert into the committee comments or the statute itself that the legislature still sought to criminalize this behavior, or in that case, to authorize a unilateral theory of conspiracy. So when the committee comments are silent, this court has taken a conservative view in constructing these statutes and waits for the legislature, says the legislature needs to give us some indication of what it wants to do before we're going to read these statutes so expansively. The state, as you've already said, the state contends that the exclusion of that language, the model penal code language from the solicitation statute, means that the general attempt statute is meant to apply to the solicitation statute and create this attempted solicitation of murder. But that's a more roundabout way of interpreting these statutes, involves a more circuitous construction than just saying the legislature had an opportunity. They were operating off of this model legislation. They had a provision already typed out for them by the model penal code criminalizing the conduct in this case, and they left it out. The conclusion we would reach here, or we should reach here, is that they did not mean to criminalize that conduct. All of these factors that I've been talking about manifest the legislature's intent not to have the attempt statute apply to these fellow and co-defenses like solicitation of murder. And if we look at the case of People v. Wallace, this court's decision in that case lends support. In Wallace, the court recognized that the scope of the general attempt statute is not plain merely by looking at its language, that you can't just determine whether the attempt statute applies to a given statute just by reading the statute itself. And the Wallace court went on to look at the committee comments to the general attempt statute to see what its scope was. That's what I urge this court to do in this case, to look at what the legislature meant by cordoning off both the co-defenses, separating it out, and treating them as a separate special class of criminal offenses. They did not intend for the state to mix and match, stack these offenses in the manner that's at issue in this case. Do you argue that the attempt and solicitation are essentially the same thing? I think in one part of your brief you say it's an attempt to attempt. Well, the actus reus of solicitation has been described by the lower courts in this state as an attempt to persuade another to commit a crime. And that's a logical deduction that one gets from reading the solicitation statute. It says one commits solicitation when, with the intent that a specific offense be committed, he encourages, commands, or requests another to commit that offense. So you're trying to persuade another. You can't just say the words but not mean them and commit solicitation. You have to want the crime to be committed. So you're attempting to persuade another to do your dirty work. In that respect, solicitation is an attempt to persuade another to commit a crime. So an attempted solicitation is an attempt to attempt to persuade another to commit a crime. That recognition by the lower courts in Quadrato and Bretton speak to the commonality of all the ENCODE offenses. All of them seek to establish the lowest threshold, the floor of criminal conduct. And once we start stacking the ENCODE offenses, that floor gets lower and lower, further and further attenuated from the criminal offense, the substantive offenses that the criminal law takes as its primary object to avoid. And for that reason, we ask this court to reverse the trial court, the appellate court, and hold that until the legislature gives its blessing, stacking of ENCODE offenses is unauthorized in Illinois. Unless you have any other questions. I have one other question. I think the state argues that your analysis would have the absurd effect of encouraging inmates to mail a solicitation knowing there's only the commission of an offense if the mailing is not intercepted. How would you respond to that? Well, first, if it's encouraging a defendant to mail a letter, then that presupposes that the defendant assumes the letter is not going to get to the intended recipient in the first place. What happened in this case is instructive. We had a letter that was sent by my client, intercepted by the prison mail system, as all prisoner mail is monitored, intercepted, and then forwarded on to the intended recipient to see if a solicitation would actually occur. That solicitation never happened. And so the solicitation died on the vine, in other words. The law enforcement was not cut off at the knees here. It had the opportunity, and it took that opportunity, to see if an actual crime solicitation murder would take place. It never did, and that's why. But didn't you say earlier that the solicitation occurs when the letter is received by the intended recipient? Does it mean the intended recipient has to act on that solicitation before there's an offense? Your Honor, it means that the intended recipient has to receive the solicitation in the respect that the person has to actually read the letter. If it's a letter, they have to read and understand the letter. If it's words, the person, you know, if it's all over the phone, apparently the connection can't be cut out. So the intended recipient does have to receive the, can't just receive an envelope and not open it. They have to open it up, read it, and understand the import, so that the corrupting influence can act upon the solicitation. Mr. Payne, but for the law enforcement's interception of this communication, what else would Mr. Boyd, right, or Boyce have done? The conduct's the same either way, isn't it? The conduct is the same in his case. So what this decision is all about is whether the legislature wanted the criminal law to attach where a criminal solicitation does not get to its intended recipient. Mr. Boyce couldn't have gone any further to effectuate his solicitation. It was the circumstances of his incarceration. But because of the way that the legislature created and codified, classified these in code offenses, the stacking of them doesn't make any sense any more than stacking attempt upon itself or solicitation upon itself would make sense. So for those reasons, we ask this court to reverse, and I look forward to taking it to my opportunity in rebuttal. Thank you. Thank you. May it please the Court. Counsel. Assistant State's Attorney, Douglas Harvath, on behalf of the people of the State of Illinois. Attempt solicitation of murder is a valid punishable offense in Illinois. It is inconceivable that our legislature did not intend to punish a defendant for attempting to mail letters from prison asking someone to kill a man and frame a witness who testified against him. Yet defendant is making the astounding assertion that through silence, the Illinois legislature did not intend to criminalize such conduct. To be clear, the defendant cited no case from any jurisdiction, no treatise, no commentary, no authority whatsoever holding that attempt solicitation of murder is invalid when the solicitation statute does not encompass uncommunicated solicitations. And this is not surprising. Beyond the plain language of both statutes, well-settled rules of statutory construction, and the presumption that the attempt statute applies to all offenses, the overwhelming weight of authority holds that uncommunicated solicitations are properly punished as attempt solicitations. The mere fact that both statutes are categorized as inquiry defenses simply does not demonstrate an express legislative intent to decriminalize attempted solicitations. Contrary to the defendant's argument, a statute's placement within the criminal code cannot be used as a vehicle to read into the statute a restriction or a limitation that the legislature did not express. And our legislature clearly did not intend to permit individuals to engage in the type of conduct that the defendant admits that he engaged in. To hold otherwise would truly be an absurd construction of both statutes. Therefore, this court should affirm the judgment of the appellate court. The defendant concedes that Illinois' solicitation of murder statute requires that the words of solicitation be successfully communicated for the offense to be complete. The validity of this construction is supported by the authority of this court, the appellate court, and numerous other jurisdictions and treatises. It's also supported by comparing the plain language of the model penal code upon which our own solicitation statute is based and which it otherwise closely resembles. When enacting the criminal code of 1961, the Illinois General Assembly departed from the model penal code by deliberately omitting uncommunicated solicitations. This omission, this departure, does not signal that uncommunicated solicitations are not crimes. It signals that a state's general attempt statute is the proper vehicle to prosecute them as attempt solicitations. Every jurisdiction to address this question has expressly held this. By omitting this language, a legislature expresses its intent is twofold. One, that unsuccessful solicitations cannot be prosecuted as completed solicitations. And number two, that when a jurisdiction has a general attempt statute, that the general attempt statute then is invoked or it's employed to punish uncommunicated solicitations. We say in our brief that it should come as no surprise that all of the cases that are so factually and legally on point, and I think they are, they're nearly identical, particularly the Andahar cases, factually and legally indistinguishable. It should come as no surprise that they all involve inmates whose mail was intercepted and whose solicitations went uncommunicated. Far from holding that these are not criminal offenses, the defense is requesting in this court, every jurisdiction has held just the opposite, that they are attempted solicitations. To accept the defendant's argument would require this court to do perhaps the single most taboo thing, and that's to read into a statute a condition or a restriction that the legislature did not express. When the legislature wants to impose a restriction, as this court has said repeatedly, it knows how to do so. And it's done that on dozens of occasions. And we cite several cases in our brief where the appellate court has recognized when the word attempt is in a statute, that is the clearest signal, clearest expression of legislative intent, to preclude or preempt is the word they use. Application of the general attempt statute. It also can do this by including, as in the model penal code, including uncommunicated solicitations. And I believe Justice Thomas asked my opponent, well, wouldn't the legislature have spelled it out had they intended to preclude application of the general attempt statute? And I think that points to the problem, the fundamental flaw with the defense argument. There's nothing in the statute that says uncommunicated solicitations shall not be an offense. Or the attempt statute shall not apply to the offense of solicitation. That would be a clear expression of legislative intent to preclude its application. Just to clarify, you're agreeing with defense counsel that the communication has to be delivered. Is that correct? Yes, Your Honor. Is that based on something in the statute or in Hairston or something else? It's primarily based on Hairston, and it's based on numerous other cases across the country. And treatises, Professor LaFave's treatise in particular, and other comments that it has to be received. Our appellate court has expressly held that in a case called Rupenthal. Without hearing the solicitation, the offense has not actually been carried out. I think that that construction is consistent not only with all that authority, but with the original common law construction of the statute too, as Professor LaFave even indicates in his treatise. And pointing to the Model Penal Code's commentary, that was the construction at common law back when the Model Penal Code was being drafted. And the comments indicate that attempts to solicit were crimes, but they were prosecuted as attempt solicitations. So with regard to that, turning to the General Attempt Statute itself, it expressly and presumptively applies to all criminal offenses. There's no ambiguity about that whatsoever. It expressly applies to all penal statutes. And solicitation of murder, regardless of its location within the criminal code, is a substantive penal statute. The presumption that the Attempt Statute applies to any criminal offense is only rebutted if there's an express legislative intent to preclude its application. And silence is not an expression of legislative intent. In this case, there's not even silence. There's actually the opposite of silence. The Attempt Statute itself says it applies to any specific offense. And the criminal code also says that offense means a violation of any penal statute. And the solicitation statute is included among that. So contrary to the argument that the absence of specific language in the or simply recognizing attempt language as a rudimentary mistake of logic or as derivative analysis, it's evidence actually that the appellate court in this case recognized and applied the most fundamental rule of statutory construction, which is examining the plain language of both of these statutes and declining the invitation to read into them any limitation that's not expressed. I think the crux of the defendant's argument comes down to the statute's placement within the criminal code, that they're both inchoate offenses. He essentially concedes that. In his reply brief, and I think it's important to narrow the issue in his reply brief, he admits that attempt solicitations can be valid offenses so long as they're not grouped together. And that's how he attempts to distinguish Andahar and Saifan. But importantly, nowhere in any of those opinions did their result turn on the placement of the solicitation statute within the criminal code of Rhode Island or California. Instead, those courts applied the same analysis that we've asked this court to apply. This court has already had an opportunity on a number of occasions to examine whether or not a statute's particular wording or its label, or even in the case of Jones, excuse me, in the case of McCarty, the actual expression of legislative intent. And this court has declined to actually use that text, the prose that's actually in there, as a mechanism to change or read into the actual statute itself a limitation that's not expressed. With regard to the argument that this is an attempt to an attempt, in our brief we say that that's a misnomer. And it is very much a misnomer. It's not an attempt to attempt. It's not an attempt to persuade, as the defendant would have this court believe. It's plainly an attempt to command, request, or encourage. And there's nothing logically impossible about that. There's nothing, he invokes this court's decisions in Lopez and Reagan. Well, those cases involved something that was logically impossible, incompatible mental states. There's nothing fundamentally, there's nothing remotely illogical about an attempt to command, request, or encourage. My opponent is suggesting that to affirm the appellate court would be a fiat for this court or any reviewing court to declare that the legislature meant to apply a general attempt statute in defense of solicitation. But it's not a fiat. For this court to do what he's asking would be a fiat, or it would be the very definition of what this court has consistently declined to do, which is to read into a statute of restriction that's not present and it's not expressed by the legislature. So in this case, the offenses, though they're both inchoate offenses, they are properly stacked when the solicitation is not defined as an attempt or does not, as in the case of the Illinois solicitation statute, does not encompass uncommunicated solicitations. So like every court to address this issue, this court should recognize attempt, solicitation, or murder as a valid, punishable offense. It would indeed be an absurd construction of both statutes to conclude that the Illinois legislature did not intend for defendant's conduct to be a criminal offense. As Justice Carmar, I believe, Your Honor, pointed out, I believe this would incentivize criminal defendants to undertake efforts to mail these type of solicitations from prison. And I think that it's clear that the legislature did not intend for that to be a criminal offense. Thank you. Thank you, Your Honor. The opposing counsel notes that the attempt statute presumptively applies to all offenses. And that is true, but there's an important limitation to that. It's when the legislature manifests an intent not for the attempt statute to apply to a criminal offense. And that's an important limitation because that's what prevents the attempt statute from applying to itself, criminalizing the attempt to attempt, or the attempt statute from applying to other provisions that specifically criminalize an attempt. The inchoate offenses as a class all embody the minimum threshold that the criminal law seeks to reach. And so when we start to combine them, we move further and further away from the goal of the criminal law. What's your primary support, Mr. Pan, for the proposition that you can't stack inchoate offenses? It's that the legislature demonstrated its intent to treat the inchoate offenses as a separate class of offense, that they did not want for the crime of an attempt to be stacked upon itself or upon solicitation or upon conspiracy, because those are all preliminary to, that's the committee comments language, preliminary to a substantive offense. So they delineate the minimum threshold for criminal conduct. So is it a rule you assume to be true, or is there a case out there? Well, this is a case of first impression. We've never had a situation in Illinois where the attempt statute has been applied to a fellow inchoate offense. And to the extent that there are out-of-court decisions that authorize the stacking of an inchoate offense, I would point out that the courts, the cases that the state relies on, People v. Lee, that's the Oregon case. That case, the parties agreed that the defendant was guilty of attempted solicitation. It wasn't an issue presented for the court's review. The defendant actually argued that I'm not guilty of solicitation, I'm guilty of attempted solicitation. So that issue was not presented for that court's review. In State v. Cotton, the New Mexico decision, the issue wasn't an issue in that case. It was whether an unsuccessful solicitation can be a solicitation under the New Mexico statute. The Cotton court went on and over-dedicted the state. Well, in certain cases, that might qualify as an attempted solicitation. But it didn't grapple with the issue of whether the New Mexico legislature, much less the Illinois legislature, intended to stack the inchoate offenses and move the goalposts of the threshold for criminal conduct further and further back toward preparatory or equivocal actions. Nothing signals the legislature's intent to include, pardon me, everything. The state says nothing signals the legislative intent to exclude solicitation from the attempted provision. And the argument that the state hangs its head on there is that the solicitation statute doesn't include the word attempt. That's what the state wants this court to reduce its reasoning down to, whether the solicitation statute says the word attempt. But as People v. Wallace demonstrated, the question for this court is not such a reductive word search. It's not just to look whether solicitation says attempt, and therefore the attempt statute can apply to it. It's a more nuanced brand of analysis. The inchoate offenses, the legislature wanted those inchoate offenses to establish the floor of criminal conduct. And once we start stacking them, we're going down a slippery slope toward who knows where. Who knows where the criminal line is drawn when we stack inchoate offenses. The state doesn't offer any answer. And while the conduct by my client can't be characterized as equivocal, I think this court is loathe to set a standard, a new precedent, to do something unprecedented like stacking inchoate offenses without knowing what the ultimate consequence of that action would be. So if there are no other further questions, I ask this court to reverse the appellate court below and vacate my client's conviction for attempted solicitation. Thank you. Case number 117-108, People v. State of Illinois v. Anthony Boyce will be taken under advisement as agenda number six. And Mr. Payne, Mr. Harbath, thank you very much for your arguments today. You're excused. And Mr. Marshall, the Supreme Court stands adjourned until tomorrow morning at 9 a.m.